STATE OF MINNESOTA                                    DISTRICT COURT

COUNTY OF HENNEPIN                              FOURTH JUDICIAL DISTRICT

---

|  | Court File No.: _____ |

Leslie Olander,

       Plaintiff,

v.                                              **SUMMONS**

Joffe MediCenter,

       Defendant.

---

THIS SUMMONS IS DIRECTED TO DEFENDANT JOFFE MEDICENTER:

1. **YOU ARE BEING SUED.**  The Plaintiff has started a lawsuit against you.  The Plaintiff's Complaint against you is attached to this summons.  Do not throw these papers away.  They are official papers that affect your rights.  You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.**  You must give or mail to the person who signed this summons a **written response** called an Answer within 20 days of the date on which you received this Summons.  You must send a copy of your Answer to the person who signed this summons located at:

    HALUNEN & ASSOCIATES
    1650 IDS Center
    80 South Eighth Street
    Minneapolis, MN 55402
    612-605-4098

3. **YOU MUST RESPOND TO EACH CLAIM.**  The Answer is your written response to the Plaintiff's Complaint.  In your Answer you must state whether you agree or disagree with each paragraph of the Complaint.  If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS**

1



EXHIBIT
A

**SUMMONS.** If you do not Answer with 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the complaint. If you do not want to context the claims stated in the complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the complaint.

5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

6. **ALTERNATE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated this ⸻day of November, 2011.        HALUNEN & ASSOCIATES

Clayton D. Halunen, Atty. No. 219721
1650 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: 612.605.4098
Facsimile: 612.605.4099

*Attorney for Plaintiff*

| STATE OF MINNESOTA | DISTRICT COURT |
|---|---|
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

Court File No.: _____

Leslie Olander,

       Plaintiff,

v.

                                    **AMENDED COMPLAINT AND**
                                      **JURY DEMAND**

Joffe MediCenter,

       Defendant.

The Plaintiff, Leslie Olander ("Plaintiff"), for her Complaint against Joffe MediCenter ("Defendant"), states and alleges as follows:

## INTRODUCTION

1. Plaintiff worked as a Technician for Defendant until she was promoted to Center Director in August 2010. After her promotion, Plaintiff was diagnosed with a bipolar disorder. It became increasingly difficult for her to deal with the stress of her new position and, in February 2011, she decided she could no longer deal with the stress and anxiety it created. Plaintiff came to an agreement with her boss to resume her previous position and, therefore, resigned as Center Director at his direction.

2. After Defendant received Plaintiff's resignation, Defendant, through its agents, retaliated and severed their relationship. Defendant even asked Plaintiff if she told anyone about their agreement to resume her old Technician position. Plaintiff said she hadn't. Defendant then opportunistically terminated her on

1

March 2, 2011. This occurred just days after Plaintiff took a short period of time off in order to deal with an ongoing medical emergency related to her mental disability. The motivating factor behind Defendant's unlawful termination of Plaintiff was her mental disability. Further, no other jobs or reasonable accommodations were ever offered to Plaintiff. For these unlawful actions, Plaintiff claims are brought pursuant to the Minnesota Human Rights Act ("MHRA"), which prohibits employers from discriminating against employees because of a disability. Minn. Stat. §§ 363A.01, *et seq.*

## PARTIES

3. Plaintiff is resident of the City of St. Michael, County of Wright, State of Minnesota.

4. Defendant's clinic is located in the City of Minneapolis, County of Hennepin, State of Minnesota. Defendant conducts significant business within the State of Minnesota.

5. At all times relevant to this lawsuit, Plaintiff and Defendant were "employee" and "employer," respectively, as those terms are defined in Minn. Stat. § 363A.03.

## JURISDICTION AND VENUE

6. The jurisdiction of this Court is invoked as the violation occurred in the State of Minnesota and involves state law.

7. Venue is appropriate because Defendant transacts a substantial amount of business in the State of Minnesota, and a substantial amount of the facts giving rise to this action occurred within the borders of this State.

## FACTS

8. Plaintiff was employed by Defendant from November 2007 until her termination on February 28, 2011. She was hired as a Lead Technician at Defendant's Minneapolis facility. In August 2010, she was promoted to Center Director. With that promotion came enormous responsibility. Defendant promoted Plaintiff because she always received suburb performance reviews and two raises for her stellar work. Further, Plaintiff successfully handled the significant responsibility of training staff.

9. After her promotion, it became increasingly difficult for Plaintiff to cope with her new position.

10. In December 2010, Plaintiff decided to undergo a psychiatric consultation because of her increased anxiety, panic attacks, and previous diagnosis with depression. Her physician determined that she suffered from a bipolar disorder and increased her medication.

11. The MHRA prohibits discrimination on the basis of mental disabilities. See Minn. Stat. §§ 363A.03 subd. 12; 363A.08. Bipolar and anxiety disorders are mental disabilities.

12. On January 1, 2011, Plaintiff informed Craig Joffe, Defendant's Chief Executive Officer, of her diagnosis and problems with anxiety. Later that same month, she informed Kris Taylor, the Executive Director of Operations in Minneapolis, that she was having difficulties coping with the stress of her new position. Taylor noted this, and stated that he wanted Plaintiff to be a part of the organization regardless of her position.

3

13. On February 1, 2011, Plaintiff had a panic attack during a conference call with Taylor and Joffe. Plaintiff said she could not perform anymore because of her disability and the anxiety and stress created by her new position. Joffe wanted Plaintiff to give it a few more weeks, which she agreed to.

14. During another call with Joffe on February 16, 2011, she experienced another severe panic attack where she cried and hyperventilated uncontrollably. Plaintiff stated that she was not emotionally or mentally able to continue on as Center Director and requested her old position back. Joffe indicated that he would not have a problem with that. The conversation concluded with Plaintiff believing she would return to her old job in the near future.

15. Plaintiff then sent Joffe an email that provided Defendant with two-week notice that she was stepping down as Center Director. Joffe then responded that he would be working with her and Taylor to develop a plan for the transition. The response email then concluded with "We've gone through a lot together, and [we] clearly will work through this as well."

16. Joffe emailed and called Plaintiff on February 18, 2011. He asked if she had told anyone about their conversation on the 16th. Plaintiff said no. Joffe then became infuriated and called Plaintiff a number of obscenities. Plaintiff then said it was still her understanding that she would be transitioning into her old job soon. Joffe subsequently said he didn't care because he had her resignation in writing. Plaintiff had another panic attack after the call.

17. Over the next two weeks, Plaintiff experienced an ongoing series of panic attacks that were caused by the anxiety and duties surrounding events at work. Plaintiff

4

informed Joffe of this fact and that she felt unable to continue one minute more as Center Director.

18. On February 24, 2011, Joffe referenced an "agreement" in an email made the week before regarding Plaintiff's role with Defendant.

19. He wrote two more emails the following two days, which stated that if Plaintiff did not work on the 25th or 26th of February, he would take that as her resignation. This, while being well aware Plaintiff was having ongoing mental difficulties.

20. Plaintiff called Joffe on February 25, 2011 and informed him that she could not continue on any further because the position was causing her to "literally go crazy." On this date, she had already served out the majority of her two-week notice. Further, she experienced more ongoing panic attacks for the last two days and believed it was in her best interests to not return to work in that state. Plaintiff even obtained a physician's note that excused her from work and sought treatment at an urgent care clinic.

21. Plaintiff made it clear that she would be unable to return to work until February 28, 2011 because of this ongoing medical emergency. She explicitly stated this was not her resignation.

22. On February 28, 2011, Defendant sent a letter via email and U.S. mail that terminated Plaintiff effective March 2, 2011. The letter stated that Plaintiff had been offered no other positions with Defendant. Defendant had an opening for a Vision Care Technician it advertised for during this time that she was more than qualified for, which was not offered. Further, Defendant explicitly agreed to let

Plaintiff assume her old Technician role, but rescinded after Plaintiff told Joffe she had not told anyone of their agreement.

23. As a direct and proximate result of Defendant's illegal conduct, Plaintiff has suffered from distress, humiliation and embarrassment, loss of reputation, loss of enjoyment in life, loss of wages and benefits, and has incurred attorneys' fees and other expenses.

## CLAIMS

### COUNT ONE
### DISABILITY DISCRIMINATION IN VIOLATION OF
### THE MINNESOTA HUMAN RIGHTS ACT

Plaintiff realleges each and every paragraph of this Complaint.

24. Defendant, through its managers and officials acting on behalf of the Defendant and within the scope of their employment, engaged in unlawful employment practices involving Plaintiff in violation of the Minnesota Human Rights Act, Minn. Stat. §§ 363A.01 *et. seq.* These practices include, but are not limited to: Defendant's failure to provide Plaintiff with a reasonable accommodation; failing to offer Plaintiff the open Vision Care Technician position that was available at the time of her termination; altering the terms and conditions of her employment, and; terminating Plaintiff's employment.

25. Defendant never engaged in a process to determine if a reasonable accommodation for Plaintiff could be made.

26. Defendant failed to take all reasonable steps to prevent the discrimination based upon Plaintiff's disability from occurring.

6

27. The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affecting her status as an employee because of her disability.

28. The unlawful employment practices complained above were intentional and were performed by Defendant with malice or reckless indifference to anti-discrimination laws, which protect Plaintiff.

29. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered, and continues to suffer emotional distress, humiliation, embarrassment, pain and suffering, loss of wages and benefits and other serious damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays:

a. That the practices of Defendant complained of herein be adjudged decreed, and declared to be a violation of the rights secured to Plaintiff by the Minnesota Human Rights Act.

b. That Defendant be required to make Plaintiff whole for their adverse, discriminatory and retaliatory actions through restitution in the form of back pay, with interest of an appropriate inflation factor.

c. That Plaintiff be awarded front pay and monetary value of any employment benefits she would have been entitled to in her position with Defendant.

d. That a permanent prohibitory injunction be issued prohibiting Defendant from engaging in the practices complained of herein.

e. That Plaintiff be awarded compensatory damages in an amount to be established at trial.

f.  That Plaintiff be awarded punitive damages, as permitted by statute.

g.  That Plaintiff be awarded treble damages as permitted by statute.

h.  That the Court award Plaintiff her attorney's fees, costs, and disbursements pursuant to state law.

i.  That the Court grant such other and further relief as it deems fair and equitable.


PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS WHERE JURY IS

AVAILABLE.


Dated this _6th_ day of December, 2011          HALUNEN & ASSOCIATES

Clayton D. Halunen, Atty No.
219721
1650 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone:  612.605.4098
Facsimile:  612.605.4099

*Attorney for Plaintiff*


## ACKNOWLEDGMENT

The undersigned hereby acknowledges that costs, disbursements, and reasonable attorney's fees may be awarded pursuant to Minn. Stat. § 549.21 to the party against whom the allegations in this pleading are asserted.

Dated this _6th_ day of December, 2011.

Clayton D. Halunen, Atty. No. 219721

8

STATE OF MINNESOTA                           DISTRICT COURT

COUNTY OF HENNEPIN                    FOURTH JUDICIAL DISTRICT

                                          Case Type: 7. Employment

---

Leslie Olander,                          Court File No. _____

                          Plaintiff,

    vs.

                                          **DEFENDANT'S ANSWER TO**
                                          **AMENDED COMPLAINT AND**
Joffe MediCenter,                         **COUNTERCLAIM**

                          Defendant.

---

Defendant Joffe MediCenter, for its Answer to the Amended Complaint herein, denies each and every allegation, assertion, matter or thing contained in Plaintiff's Amended Complaint except as hereinafter admitted, accepted or otherwise allowed.

## INTRODUCTION

1.    As to Paragraph 1, Defendant admits that Plaintiff worked as a technician for Defendant until her promotion in August 2010. Defendant denies each and every other allegation in Paragraph 1.

2.    As to Paragraph 2, Defendant admits that Plaintiff's employment ended on or about March 2, 2011. Defendant further admits that no other job was offered to Plaintiff. Defendant denies each and every remaining allegation in Paragraph 2.

## PARTIES

3.    Upon information and belief, Defendant admits the allegations in Paragraph 3.

4.    Defendant admits the allegations in Paragraph 4.

5.    To the extent that Paragraph 5 sets forth conclusions of law, no answer is



EXHIBIT
B

required.  To the extent Paragraph 5 contains factual allegations, they are denied.

## JURISDICTION AND VENUE

6.      As to Paragraph 6, Defendant admits that this Court has jurisdiction over this matter.

7.      As to Paragraph 7, Defendant admits that venue is proper in this Court.

## FACTS

8.      As to Paragraph 8, Defendant admits that Plaintiff was employed by Defendant from November 2007 until her voluntary resignation.  Answering further, Defendant admits that she was hired as a technician at its Minneapolis facility and was promoted to Center Director in August 2010.  Defendant denies each and every remaining allegation in Paragraph 8.

9.      As to Paragraph 9, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and, therefore, denies same.

10.     As to Paragraph 10, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and, therefore, denies same.

11.     As to Paragraph 11, that paragraph contains conclusions of law to which no answer is required.  To the extent Paragraph 11 contains factual allegations, they are denied.

12.     As to Paragraph 12, Defendant admits that Plaintiff discussed the responsibilities of her position with Kris Taylor.  Defendant denies each and every remaining allegation in Paragraph 12.

13.     Defendant denies the allegations in Paragraph 13.

14.     Defendant denies the allegations in Paragraph 14.

15.     To the extent Paragraph 15 references emails, those documents speak for themselves.  Defendant admits that Craig Joffe ("Joffe") and Plaintiff communicated regarding

her resignation. Defendant denies the remaining allegations in Paragraph 15.

16.     As to Paragraph 16, Defendant admits that Joffe contacted Plaintiff regarding whether she had told anyone about their conversation and that he was upset when she falsely replied that she had not. Defendant denies each and every remaining allegation in Paragraph 16.

17.     Defendant denies the allegations in Paragraph 17.

18.     As to Paragraph 18, to the extent it references a document, the document speaks for itself. To the extent Paragraph 18 contains factual allegations, they are denied.

19.     As to Paragraph 19, to the extent that it references documents, the documents speak for themselves. Defendant denies each and every remaining allegation in Paragraph 19.

20.     As to Paragraph 20, Defendant admits that as of February 25, 2011, Plaintiff had served the majority of her two weeks' resignation notice. Answering further, to the extent that Paragraph 20 references a document, the document speaks for itself. Defendant denies each and every remaining allegation in Paragraph 20.

21.     As to Paragraph 21, to the extent that it references documents, the documents speak for themselves. Defendant denies each and every remaining allegation in Paragraph 21.

22.     As to Paragraph 22, to the extent that it references a document, the document speaks for itself. Defendant denies each and every remaining allegation in Paragraph 22.

23.     Defendant denies the allegations in Paragraph 23.

**CLAIMS**

**COUNT ONE**
**DISABILITY DISCRIMINATION IN VIOLATION OF**
**THE MINNESOTA HUMAN RIGHTS ACT**

Defendant restates, realleges and incorporates by reference each of the foregoing paragraphs.

3

24.     Defendant denies the allegations in Paragraph 24.

25.     Defendant denies the allegations in Paragraph 25.

26.     Defendant denies the allegations in Paragraph 26.

27.     Defendant denies the allegations in Paragraph 27.

28.     Defendant denies the allegations in Paragraph 28.

29.     Defendant denies the allegations in Paragraph 29.

## DEFENSES

1.     Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted, in whole or in part.

2.     At all times relevant hereto, Defendant acted in good faith and had reasonable grounds to believe its conduct was in compliance with the Minnesota Human Rights Act (MHRA) and all other statutes and laws.

3.     Plaintiff's claim fails to the extent it is barred, in whole or in part, by the doctrines of waiver, estoppel, laches, unjust enrichment, unclean hands and/or after acquired evidence, as well as principles of equity.

4.     All employment decisions by Defendant concerning Plaintiff were based on legitimate business reasons and not any discriminatory animus.

5.     Defendant acted in good faith and in full compliance with all applicable laws including, but not limited to, any duty to provide a reasonable accommodation or engage in an interactive process.

6.     Plaintiff's claim fails, in whole or in part, to the extent she failed to comply with the provisions of the MHRA.

7.     Plaintiff's claim fails, in whole or in part, because she is not disabled within the

meaning of the MHRA, and she was not entitled to any reasonable accommodation.

8.     Plaintiff's claim fails, in whole or in part, because Defendant was not aware of any alleged disability.

9.     Plaintiff's claim fails, in whole or in part, because Defendant had no duty to accommodate her alleged disability or engage in the interactive process.

10.    Plaintiff's claim fails, in whole or in part, because any accommodations sought by Plaintiff with respect to her alleged disability were unreasonable, imposed an undue burden, and further posed a serious and direct threat of harm to Defendant and/or others.

11.    Plaintiff's claim fails, in whole or in part, because she engaged in misconduct, violation of company policies, or other conduct that would have resulted in her termination by Defendant had it discovered such conduct.

12.    Plaintiff's claim is barred, in whole or in part, because Plaintiff failed to mitigate her alleged damages.

13.    Plaintiff's employment with Defendant was at-will.

14.    Plaintiff's claim is barred, in whole or in part, because Plaintiff voluntarily resigned from her employment with Defendant.

15.    To the extent Plaintiff experienced any damages or harm as alleged in the Amended Complaint, which Defendant denies, such damages or harm were caused by Plaintiff's own actions or the action of third parties over whom Defendant exercised no control.

16.    Plaintiff has failed to plead her alleged special damages with specificity as required by the applicable rules of pleading.

17.    Plaintiff's damages, if any, must be offset by the amount of the Promotion Bonus received by Plaintiff pursuant to the terms of the promotion offer letter to Business

Manager/Clinic Director in August 2010 dated July 30, 2010 plus interest.

WHEREFORE, Defendant respectfully requests the Court grant the following relief:

1.     Judgment for Defendant and dismissing Plaintiff's Amended Complaint on the merits and with prejudice;

2.     Awarding Defendant its reasonable attorney fees, costs, and disbursements to the extent allowed by law; and

3.     Directing such other relief as the Court deems just and equitable.

## COUNTERCLAIM

Defendant, for its Counterclaim against Plaintiff, states and alleges as follows:

1.     On or about July 30, 2010, Defendant offered Plaintiff a promotion to the role of Business Manager/Clinic Director of Joffe MediCenter Minneapolis effective August 4, 2010.

2.     In conjunction with that promotion, Plaintiff was offered and received a "Promotion Bonus" of Two Thousand Five Hundred and No/100ths Dollars ($2,500.00) which was fully refundable to Defendant without deduction or offset in the event Plaintiff was no longer in the position of Business Manager/Clinic Director as of April 1, 2011 or she failed to provide sixty (60) days written notice prior to resignation of her position.

3.     Plaintiff accepted and agreed to the terms of the promotion on August 2, 2010 and began her role as Business Manager/Clinic Director on August 4, 2010.

4.     On or about September 10, 2010, Defendant paid Plaintiff the agreed upon Promotion Bonus of $2,500.

5.     On February 16, 2011, Plaintiff resigned from her position as Business Manager/Clinic Director and gave only two weeks' notice rather than 60 days' notice.

6.     Plaintiff was no longer in the position of Business Manager/Clinic Director on

April 1, 2011.

7.      On March 3, 2011, Defendant demanded that Plaintiff satisfy her contractual obligation and repay the Promotion Bonus of $2,500.

8.      Plaintiff has failed and refused to repay the Promotion Bonus.

## COUNT I

### (Breach of Contract)

9.      Defendant restates, realleges, and incorporates by reference each of the foregoing paragraphs in its Counterclaim.

10.     By agreeing to the terms of the promotion to Business Manager/Clinic Director, a valid enforceable contract existed between Plaintiff and Defendant.

11.     Plaintiff breached the contract by retaining and refusing to repay the $2,500 Promotion Bonus.

12.     As a direct and proximate result of Plaintiff's breach of contract as described herein, Defendant has incurred damages in the amount of $2,500 plus interest.

## COUNT II

### (Unjust Enrichment)

13.     Defendant restates, realleges, and incorporates by reference each of the foregoing paragraphs in its Counterclaim;

14.     By her conduct described herein, Plaintiff has received a benefit which she is not entitled to retain, and which rightfully and justly belongs to Defendant such that Plaintiff has been unjustly enriched.

15.     As a direct and proximate result of Plaintiff's wrongful conduct, Plaintiff has been unjustly enriched to the detriment of Defendant in the amount of $2,500 plus interest.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant seeks judgment against Plaintiff Leslie Olander:

1.    Awarding Joffe MediCenter compensatory damages in an amount to be determined at trial;

2.    Awarding Joffe MediCenter its costs and disbursements.

3.    Awarding Joffe MediCenter pre-judgment interest.

4.    Awarding such other relief as the Court deems just and equitable.

Date: December 16, 2011

Kerry L. Middleton (#26622X)
Joseph D. Weiner (#0389181)
**LITTLER MENDELSON, P.C.**
1300 IDS Center
80 South 8th Street
Minneapolis, MN  55402.2136
Telephone: 612.630.1000
Facsimile:  612.630.9626

**ATTORNEYS FOR DEFENDANT/
COUNTERCLAIMANT**

Firmwide:105412116.1 068109.1001